# SECOND DEPARTMENT.

## GENERAL TERM, MARCH, 1875.

---

### HAMMOND V. DEAN.

*Attorney — right of, to compensation — Contempt — as to order to pay money.*

P. was plaintiff's attorney in the prosecution of an action for breach of promise of marriage. B. was substituted at plaintiff's request, at which time an order was made on application of plaintiff, that $200, which were fixed as the costs and disbursements of P. as attorney, should be a first lien on any judgment she might obtain, to be first paid therefrom. Plaintiff obtained a verdict, but, before judgment was entered, a compromise with defendant was made, and $2,900 paid, which B. and plaintiff divided: *Held*, that a failure to pay P. the $200 was a misappropriation and a disobedience of the order, and that an order directing the payment by B. and plaintiff of the same was proper.

APPEAL by plaintiff and plaintiff's attorney, and her guardian *ad litem*, from an order at special term directing said attorney, plaintiff and guardian to pay to respondents Purdy and Larkin $200.

The action was brought by Jeannette H. Hammond by her guardian against William M. Dean to recover damages for a breach of promise of marriage. Sufficient facts appear in the opinion.

*Breen & Spellessy*, for appellants.

*Charles H. Purdy*, for respondents.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ

BARNARD, P. J. This was an action for breach of marriage promise. Charles H. Purdy was the plaintiff's attorney, and Francis Larkin her counsel. During the progress of the action and before trial, the plaintiff wished to change her lawyers. The only question they made was one of costs and disbursements they had been put to in the action. Their costs and disbursements were fixed at

$200, without contest, and as the plaintiff apparently had not the means to pay the same, an order was made, on the application of plaintiff, that Breen & Spellessy be substituted as her attorneys ; that the $200 costs of her former attorneys be made a prior lien on any judgment recovered, and as soon as recovered, to be the first money paid.

A verdict was subsequently obtained, and $2,900 paid to Breen & Spellessy, before judgment actually entered, in compromise of the action. This money Breen & Spellessy and the plaintiff have divided in some way between themselves, and have paid the former attorneys nothing. By sec. 1, subd. 3, tit. 13, part 3, chap. 8 of the Revised Statutes (2 R. S. 534), it is provided that every court of record shall have power to punish, as for contempt, "parties to suits, attorneys, etc., * * * for disobedience to any lawful order, decree or process of such court." The first $200 collected belonged, by this order, to Purdy and Larkin. It is not a question of lien against Dean. It is a misappropriation of money in disobedience of an order which plaintiff herself, through Breen & Spellessy, obtained and by which they were benefited, and under which the retiring attorneys were protected.

Common honesty, as well as the order, required the payment of this money.

The order should be affirmed, with costs.

*Order affirmed.*